FILED
IN OPEN COURT

MAY 1 0 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:16cr63 |
| | ) | |
| v. | ) | 18 U.S.C. §§ 157(1) & 2 |
| | ) | Bankruptcy Fraud |
| SUSAN M. SPEARMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

If this matter had gone to trial, the United States would have proven the charge contained in the criminal information beyond a reasonable doubt, by proof of the following facts, among others:

1. From October 5, 2012, to January 24, 2014, in the Eastern District of Virginia, defendant SUSAN M. SPEARMAN, also known as Susan Gorby, did aid, abet, induce and procure the commission of an offense against the United States, that is, bankruptcy fraud, in violation of Title 18, United States Code, Section 157, in that:

2. E.O.Y. devised and intended to devise a scheme and artifice to defraud, the purpose of which was to conceal the sum of approximately $339,660 from E.O.Y.'s debtors, and for the purpose of executing and concealing such a scheme and artifice and attempting to do so, filed a petition under Title 11 of the United States Code, as described below in Paragraphs 2-8.

3. On July 11, 2011, E.O.Y. filed a voluntary bankruptcy petition in Case No. 11-73305- SCS, in the United States Bankruptcy Court for the Eastern District of Virginia. The case was later dismissed on January 27, 2012.

1

4. On August 22, 2011, prior to the dismissal of the case, E.O.Y. filed a Schedule B – Personal Property schedule, which included under Paragraph 13: "Stock and interests in incorporated and unincorporated businesses." E.O.Y. listed on that Schedule B: "153,000 shares of SIRIUS stock" with a current value of "$350,000.00." As of October 1, 2012, EOY owned a taxable account in J.P. Turner & Company, including 132,950 shares of Sirius stock. On or about October 3, 2012, E.O.Y. transferred $25,000 from his Monarch Bank account to defendant SPEARMAN, which funds were deposited into SS's Monarch Bank account.

5. On or about October 5, 2012, E.O.Y. caused J.P. Turner & Company to sell the Sirius stock and to wire the funds to his bank account at Monarch Bank the sum of $339,660.19. On that same date, E.O.Y. transferred from his Monarch Bank account to defendant SPEARMAN's Monarch Bank account, the sum of $330,000.

6. On December 5, 2012, E.O.Y., for the purpose of executing and concealing the aforesaid scheme and artifice, filed a voluntary bankruptcy petition in Case No. 12-750028- SCS in the United States Bankruptcy Court for the Eastern District of Virginia and a Chapter 7 Trustee was appointed. During the course of the bankruptcy case, E.O.Y. never disclosed his sale of the Sirius stock and wiring of the proceeds to his bank account and subsequent transfer to SPEARMAN's account as required by the Statement of Financial Affairs.

7. On December 19, 2012, defendant SPEARMAN transferred the sum of $330,000 and an additional $20,000, for a total of $350,000 from her account at Monarch Bank to her account with (or associated with) the Bank of New York Mellon.

8. Between December 5, 2012 and January 24, 2014, E.O.Y. concealed these transactions from the chapter 7 Trustee and the Trustee's counsel, during which time defendant SPEARMAN disbursed at least $310,169.01 of the $350,000 she received from E.O.Y. to E.O.Y.

2

or at his direction. Despite demand from the chapter 7 Trustee's counsel, E.O.Y. failed to deliver or account for the balance.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Stephen W. Haynie
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above statement of facts is true and accurate, and that had the matter gone to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Susan M. Spearman
Defendant

I am SUSAN R. SPEARMAN'S attorney. I have carefully reviewed the above statement of facts with the defendant. To my knowledge, the defendant's decision to stipulate to these facts is an informed and voluntary one.

_____
Barry R. Koch
Counsel for Defendant

3